### CRAMER v. KESTER, Road Overseer.

### No. 15,191; April 19, 1894.

36 Pac. 415.

**Injunction not to Remove Fence—Title of Plaintiff.**—In an action to enjoin a road overseer from removing a fence, where defendant does not deny plaintiff's allegation of possession, but relies on an easement in the public as justifying him, plaintiff need not prove title, possession being sufficient upon which to maintain his action.

APPEAL from Superior Court, Monterey County; N. A. Dorn, Judge.

Action by Jos. Cramer against F. U. Kester, road overseer, to enjoin him from removing a fence. From a judgment for plaintiff and an order denying his motion for new trial, defendant appeals. Affirmed.

B. V. Sargent, district attorney, and S. F. Geil for appellant; W. A. Kearney for respondent.

SEARLS, C.—This is an action by Joseph Cramer against F. U. Kester, road overseer of Cholame road district, in the county of Monterey, to restrain the latter from destroying and removing a fence surrounding premises of the plaintiff. Plaintiff had judgment, from which, and from an order denying a new trial, defendant appeals.

Plaintiff, in his complaint, avers that he is the owner of, in the possession of, and entitled to the possession of the west half of the northwest quarter, section 8, township 24 south, range 13 east, Mount Diablo meridian, situate in the county of Monterey, state of California; that said land is inclosed by a substantial fence, and is valuable for raising crops of vegetables, cereals, and hay; that on November 2, 1891, the board of supervisors of Monterey county, claiming that there was a highway over said tract of land, passed an order directing the road overseer to open, and to keep open, for public travel, such public highway so claimed; that defendant is road overseer, has threatened, and will, unless restrained, tear down the fence, and open, and keep open, said alleged highway. The complaint then negatives the fact that a highway has ever been laid out or erected as a road or highway by order of the board of supervisors of said county, or that it has ever become such by use or dedication, or otherwise. The answer admits the ownership of plaintiff to all the land described in his complaint, except a strip which is defined by courses and distances, being a strip of about forty feet wide across said land, as to which defendant, on information and belief, denies plaintiff is the owner, or entitled to the possession of, and, upon like information and belief, avers it to be a public highway, to which the county of Monterey, a municipal corporation, is entitled to the possession and control of as such. The answer further avers, upon information and belief, that plaintiff will not lose any vested right, and that the said public highway was established upon the land, and that plaintiff and his predecessors acquired the same subject to the said easement, and not otherwise. There are other allegations in the complaint and answer, but they are not important to any question made on appeal. At the trial defendant called the plaintiff as a witness on behalf of the defense, and put to him the following questions: (1) "Does this piece of land described in your complaint belong to you, or your wife?"

(2) ''Did you ever execute and deliver a deed or other document purporting to convey the land described in your complaint to your wife, after you purchased it from Davis?'' Counsel for plaintiff objected to the evidence as incompetent, and not the best evidence. The objections were sustained, exceptions noted, and the rulings are assigned as error. There seem two answers to the contention of appellant:

1. If the proffered evidence was admissible for any purpose, it was to show that title had passed from plaintiff to his wife. This could only be proven by a proper conveyance in writing. ''There can be no evidence of the contents of a writing, other than the writing itself,'' except in certain enumerated cases, of which this is not one. There are a few instances in which the fact that an instrument was executed or existed may be proven by parol, for some incidental purpose, as to fix the date of a transaction, and in which the contents of the instrument itself are not proffered as evidence. These are exceptions, however, to what may be regarded as one of the most clearly settled propositions of the law of evidence: Rice on Evidence, p. 145.

2. The ownership, possession and right to possession of plaintiff to the land described in his complaint are practically admitted by the pleadings. The answer expressly admits his ownership to the land, except as to that covered by the alleged highway, as to which it denies, upon information and belief, that he is the owner, or entitled to the possession, but, on the contrary, avers it is a public highway, and that, as such, the county is entitled to the control and possession of it. As before stated, the answer further avers that the locus in quo is a highway, and that the plaintiff and his predecessors in interest acquired the same subject to the easement. An easement or right of way over land does not constitute a title thereto; and we think it apparent that as the appellant did not deny the possession of plaintiff, which, in itself, is sufficient to maintain an action against a mere trespasser, and did justify the threatened entry only by pleading an easement in the public, of which the defendant was the representative, that the denials of the answer did not call for proof of title in the plaintiff. If defendant had no right to open the premises for highway purposes, possession in plaintiff was a sufficient title upon which to maintain the action. If defend-

ant possessed such right, title in the plaintiff could not defeat it. Counsel have devoted much space in their briefs to a discussion of the testimony and to quotations therefrom. It requires but a casual review of such testimony to show that it involved a substantial conflict upon all the material points, and, as the findings are full and explicit in favor of the plaintiff, the judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.